IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| INNOVATIVE SONIC LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>RESEARCH IN MOTION LTD., et al.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. 3:11-CV-0706-K-BF<br><br>JURY TRIAL DEMANDED |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

In accordance with the Court's April 6, 2011 Order Requiring Scheduling Conference and Report for Contents of Scheduling Order in Patent Cases, the parties have conferred and have attempted to reach agreement on a case management plan. The items on which the parties have reached agreement and their respective proposals for the remaining items are set forth below.

1. **A brief description of the nature of the case and contentions of the parties, including an explanation of the process or method covered by the patent(s) in-suit and the technology involved;**

This is a patent infringement action brought pursuant to 35 U.S.C. § 271. Plaintiff Innovative Sonic alleges that Defendants Research in Motion Ltd. and Research in Motion Corporation (collectively, "Defendants") have infringed and continue to infringe U.S. Patent Nos. 6,925,183 (the "'183 Patent"), RE 40,077 (the "'077 Patent") and 7,436,795 (the "'795 Patent"). Defendants have responded to the Complaint by denying infringement; seeking declaratory judgment of non-infringement and invalidity; and asserting affirmative defenses of failure to state a claim upon which relief can be granted, invalidity of the patents-in-suit, limited

-1-

recovery under 35 U.S.C. §§ 286 through 288 and 28 U.S.C. § 1498, no injunctive relief, license, patent exhaustion, prosecution history estoppel and intervening rights.

The '183 Patent entitled "Preventing shortened lifetimes of security keys in a wireless communications security system" is generally directed to methods for calculating security count values associated with a second security key when assigning an initial security count value to a newly established wireless communications channel that uses the second security key.

The '077 Patent entitled "Window-based polling scheme for a wireless communications protocol" is generally directed to wireless communication systems and methods for triggering a window-based polling request when transmitting layer-2 protocol data units (PDUs) from a transmitter to a receiver.

The '795 Patent entitled "Timer based stall avoidance mechanism for high speed wireless communication system" is generally directed to timers-based methods for avoiding stall of in-sequence delivery of reordering buffers at a receiver in a high speed downlink packet access (HSDPA) of a wireless communication system and receivers that implementing such timers-based methods.

Plaintiff alleges that '183,'077 and '795 Patents have each been adopted and incorporated into the 3rd Generation Partnership Project's (3GPP) Universal Mobile Telecommunications System (UMTS) Specifications and corresponding standards of the European Telecommunications Standards Institute (ETSI) (collectively referred to as the "3GPP/ETSI UMTS Standards").

Defendants dispute that the claimed inventions of the '183, '077 and '795 Patents have been adopted and incorporated into the 3GPP/ETSI UMTS Standards.

**2.    A proposed time limit to file motions for leave to join other parties;**

The parties propose <u>August 29, 2011</u> as the last day to add additional parties.

**3.    A proposed time limit to amend pleadings;**

The parties propose <u>December 29, 2011</u> as the last day to amend pleadings.

4. **A proposed time limit to file various types of motions, including dispositive motions. The Court prefers the deadline for dispositive motions to be 120 days before trial and cannot be less than 90 days before trial;**

The parties propose the following time limits for filing motions:

| | |
|---|---|
| Last day to file *Daubert* motions | October 12, 2012 |
| Last day to respond to *Daubert* motions | November 2, 2012 |
| Last day to file reply *Daubert* motions | November 20, 2012 |
| Last day to file dispositive motions | September 7, 2012 |
| Last day to respond to dispositive motions | September 28, 2012 |
| Last day to file reply dispositive motions | October 12, 2012 |
| Last day to file motions in limine | December 14, 2012 |
| Last day to respond to motions in limine | January 7, 2013 |

The deadline for filing dispositive motions does not prevent a party from filing such a motion at any time prior to this date. In the event a dispositive motion is filed prior to this deadline, the local rules will control the timing of the response and reply briefing.

5. **A proposed time limit for initial designation of experts;**

The parties propose <u>December 16, 2011</u> as the last day for either party to designate an expert to opine on matters related to claim construction and to serve that expert's report, and <u>January 13, 2012</u> as the last day for either party to designate a rebuttal expert and to serve that expert's rebuttal report on matters related to claim construction. The parties propose <u>July 23, 2012</u> as the last day for the party with the burden of proof on any matter for trial to designate expert witnesses and to serve expert reports (i.e., Plaintiff will serve its expert report regarding infringement of the asserted patents and alleged damages, Defendants will serve their expert report regarding invalidity and/or unenforceability, and any other affirmative defenses for which Defendant has the burden of proof).

6. **A proposed time limit for responsive designation of experts;**

The parties propose <u>August 20, 2012</u> as the last day for the party without the burden of proof to designate rebuttal expert witnesses and to serve rebuttal expert reports.

7. **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions);**

As stated in Paragraph 4, the parties propose <u>October 12, 2012</u> as the last day to file *Daubert* motions, and <u>November 2, 2012</u> as the last day to file responses to *Daubert* motions.

8.  **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues;**

The parties propose that discovery should be conducted in three stages: claim construction-related discovery, fact discovery, and willfulness/expert discovery. The parties propose the following schedule for discovery:

| | |
|---|---|
| Last day to serve initial disclosures under Fed. R. Civ. P. 26(a) | June 10, 2011 |
| Last day to serve Infringement Contentions under N.D. Tex. Misc. Order No. 62 ¶ 3-1 and document production under ¶ 3-2 | June 10, 2011 |
| Last day to serve Invalidity Contentions under N.D. Tex. Misc. Order No. 62 ¶ 3-3 and document production under ¶ 3-4 | September 2, 2011 |
| Last day to exchange proposed terms and claim elements for claim construction | September 16, 2011 |
| Last day to exchange privilege logs | January 16, 2012 |
| Last day to exchange preliminary claim constructions and related extrinsic evidence | September 30, 2011 |
| Last day to file Joint Claim Construction Statement | October 17, 2011 |
| Claim construction-related fact discovery deadline | November 11, 2011 |
| Last day to file Claim Construction Opening Briefs; and expert reports in support thereof (if necessary) | December 16, 2011 |
| Last day to file Claim Construction Responsive Briefs; and expert rebuttal reports | January 13, 2012 |
| Last day to submit Claim Construction Reply Briefs | January 27, 2012 |
| Claim construction-related expert discovery deadline | January 20, 2012 |
| Last day to file Joint Claim Construction Chart | February 3, 2012 |
| Last day to amend Infringement Contentions (for good cause or based on the Claim Construction Order) | 30 days after Claim Construction Order issues |
| Last day to amend Invalidity Contentions (for good cause, based on the Claim Construction Order, or in the event that Plaintiff amends its infringement contentions) | 50 days after Claim Construction Order issues |
| Last day for Defendants to produce Opinion of Counsel if opposing a claim of willfulness | July 13, 2012 |
| Fact discovery deadline | July 13, 2012 |

| | |
|---|---|
| Willfulness-related and expert discovery deadline | September 21, 2012 |

The parties agree that the deadlines above may be amended by agreement of the parties, including the claim construction-related deadlines, provided that the amendment does not affect the trial or Markman hearing (if any) date(s) set in this matter. The parties expressly acknowledge that to the extent discovery of foreign witnesses and/or entities must be conducted pursuant to the Hague Convention or other international discovery procedure, amendments/extensions of the fact discovery deadline may be appropriate.

Plaintiff Innovative Sonic anticipates that discovery may be needed on the following subjects:

- Design and manufacture of the Accused Instrumentalities;
- Operational standards and technical specifications of the Accused Instrumentalities;
- Compliance with international standards;
- Participation in international standards organizations;
- Defendants' suppliers;
- Defendants' financials; and
- Defendants' sales and marketing.

However, given the early stage of this case, Plaintiff reserves its right to amend this list of anticipated discovery.

Defendants anticipate that discovery may be needed on the following subjects:

- Prosecution of each of the asserted patents;
- Conception/reduction to practice of the purported inventions of the asserted patents;
- Inventors records regarding asserted patents and related deposition testimony;
- Prior art relevant to the asserted patents;
- ASUSTek Computer Inc.'s and/or related companies' (collectively "ASUSTek") participation in ETSI and related standard setting bodies;
- Plaintiff's or ASUSTek's patent marking practices;
- Plaintiff's or ASUSTek's licensing practices;

- When Plaintiff or ASUSTek knew or should have known about Defendants' alleged infringing acts;
- Relationship between ASUSTek and Plaintiff, including the cooperation agreement between the parties; and
- Issues of standing and/or control

However, given the early stage of this case, Defendants reserve the right to amend this list of anticipated discovery.

9. **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed;**

With exception to the discovery related limitations found below in this section 9, the parties do not propose any changes the limitations imposed on discovery by the Federal Rules of Civil Procedure and the local rules.

In addition to the limitations imposed on discovery by the Federal Rules of Civil Procedure and the local rules, the parties have discussed and agree to the following limitations:

- The parties agree that fact witness depositions are limited to a maximum of fifty (50) hours of depositions per side, including depositions of the named inventors, but not including depositions taken pursuant to Rule 30(b)(6), expert depositions, or third party depositions. Note that for the purposes of this limitation and all other time limitations on depositions in this section, all depositions that are taken in a foreign language, and therefore require a translator, will only be counted as half the total deposition time towards the limit (e.g., if the foreign language deposition takes 6 hours, it will only count as 3 hours against the limit) and the deposing party may request additional timing relief if the translation process imposes unexpected additional timing burdens.

- Regarding Rule 30(b)(6) depositions, the parties agree that the parties will each have twenty-eight (28) hours of deposition time.

- The depositions of expert witnesses shall be limited to a maximum of one day of seven (7) hours of deposition time for each expert report and per patent for issues relating to infringement, validity, unenforceability and damages.

- The parties discussed the potentially significant burden that are imposed by intrusive e-discovery demands and agree that they will not burden each other with demands for information that may be of little relevance to the case. To further this effort, the parties are still working on setting reasonable guidelines regarding the discovery of Electronically Stored Information (ESI). The parties plan to submit a separate document to the Court the reflecting their agreement on ESI discovery guidelines.

10. **A proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded; (The parties should note that the Court operates a three-week docket beginning the first Monday of each month. Therefore, the parties should propose a trial date which corresponds with the first Monday of the agreed month.)**

The parties propose a trial date of February 4, 2013, which is the first Monday of that month. The parties anticipate needing ten days for trial. A jury demand was properly made with the Complaint in this action.

11. **A proposed date for further settlement negotiations;**

The parties propose October 22, 2012 as the last day to conduct a final Settlement Conference, and October 29, 2012 as the last day for the parties to file a Joint Settlement Report.

12. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

Except as set forth in Section 9, the parties make no objections to the requirements set forth in Fed. R. Civ. P. 26(a)(1) and suggest no modifications to the same. As stated in Paragraph 8, the parties will make their Rule 26(a)(1) disclosures by June 10, 2011.

13. **Whether the parties will consent to trial (jury or non-jury before U.S. Magistrate Judge (consent attached).**

    The parties do not consent to trial before a U.S. Magistrate Judge.

14. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (e.g. before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

    The parties propose mediation after claim construction-related discovery. The parties further propose June 17, 2011 as the last day for the parties to notify the court of their selected mediator, November 18, 2011 as the last day for the parties to complete mediation, and December 2, 2011 as the last day for the parties to file a Joint Mediation Report.

15. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

    The parties propose the following additional deadlines:

    | | |
    |---|---|
    | Last day to file pretrial disclosures (disclose what witnesses, deposition designations, and exhibits each party intends to use at trial) | December 7, 2012 |
    | Last day to object to pretrial disclosures | January 11, 2013 |
    | Last day to file Joint Pretrial Order and Proposed Jury Instructions | January 21, 2013 |

16. **Whether a conference with the Court is desired and the reasons for requesting a conference; and**

    The parties do not require a Scheduling Conference under Fed. R. Civ. P. 16(b).

17. **Any other matters relevant to the status and disposition of ths [sic] case, including any other orders that should be entered by the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c).**

    The parties ask that the Court enter a Protective Order in this matter. The parties will work together to submit a stipulated Protective Order for the Court's consideration as soon as reasonably possible.

**Proposed modification of the presumptive deadline established by N.D. Tex. Misc. Order 62, including:**

**18.**     **The disclosure of infringement contentions and invalidity contentions and the production of documents relating to same (*see* N.D. Tex. Misc. Order No. 62 at 5-10, ¶¶ 3-1 top 3-6);**

As stated in Paragraph 8, the parties propose <u>June 10, 2011</u> as the last day for Plaintiff to make its disclosures under N.D. Tex. Misc. Order No. 62 ¶¶ 3-1 and 3-2, and <u>September 2, 2011</u> as the last day for Defendants to make their disclosures under N.D. Tex. Misc. Order No. 62 ¶¶ 3-3 and 3-4.

**19.**     **The exchange of proposed terms and claim elements for construction, the exchange of preliminary claim construction and extrinsic evidence, and the filing of a joint claim construction statement (*see* N.D. Tex. Misc. Order No. 62 at 11-12, ¶¶ 4-1 to 4.3 [sic]);**

As stated in Paragraph 8, the parties propose <u>September 16, 2011</u> as the last day to exchange proposed terms for claim construction under N.D. Tex. Misc. Order No. 62 ¶ 4-1, <u>September 30, 2011</u> as the last day to exchange preliminary claim constructions and extrinsic evidence under N.D. Tex. Misc. Order No. 62 ¶ 4-2, and <u>October 17, 2011</u> as the last day to file a Joint Claim Construction Statement under N.D. Tex. Misc. Order No. 62 ¶ 4-3.

**20.**     **The completion of claim construction discovery (*see* N.D. Tex. Misc. Order No. 62 at 12, ¶¶ 4-4);**

As stated in Paragraph 8, the parties propose <u>November 11, 2011</u> as the deadline for claim construction-related fact discovery, and <u>January 20, 2012</u> as the deadline for claim construction-related expert discovery, under N.D. Tex. Misc. Order No. 62 ¶ 4-4.

**21.**     **The filing of claim construction briefs (*see* N.D. Tex. Misc. Order No. 62 at 12-13, ¶ 4-5); and [sic]**

As stated in Paragraph 8, the parties propose <u>December 16, 2011</u> as the last day to file Claim Construction Opening Briefs under N.D. Tex. Misc. Order No. 62 ¶ 4-5(a), <u>January 13, 2012</u> as the last day to file Claim Construction Responsive Briefs under N.D. Tex. Misc. Order No. 62 ¶ 4-5(b), and <u>January 27, 2012</u> as the last day to file Claim Construction Reply Briefs.

**22.**     **Whether an evidentiary Markman hearing or oral argument on claim construction issues is desired;**

The parties desire an oral argument on claim construction issues.

23.  **Whether a special master or technical expert should be appointed to assist the court in determining claim construction and patent-related issues; and**

The parties are willing to propose a technical expert should the Court desire one or believes that one would be helpful in assisting the Court with claim construction and patent-related issues. If the Court desires a technical advisor, the parties propose to submit the names, addresses, phone numbers, curriculum vitae and information regarding the nominees' availability for a Markman hearing, if any, for up to three agreed technical advisors, or a statement that they could not reach an agreement as to any potential technical advisor by October 10, 2011.

24.  **Whether any party believes that a technical tutorial would be helpful and, if so, a proposal for presenting such a tutorial to the presiding judge.**

The parties agree that a technical tutorial may be helpful to the court, should the court desire one. If the court believes that live testimony or a special hearing would also be helpful for the tutorial, the parties are willing to do so. Otherwise, the parties propose that each party will submit tutorials to the Court, separately and simultaneously, either 45 days before the date of the Markman hearing, if any, or by January 13, 2012 if no hearing is scheduled.

Dated:  May 13, 2011                                             Respectfully submitted,

By: /s/ *Li Chen by permission*                           By: /s/ *Kirby B. Drake*

**SIDLEY AUSTIN LLP**                                      **COOLEY LLP**
Li Chen (TX Bar 24001142)                              Ronald S. Lemieux (rlemieux@cooley.com)
(lchen@sidley.com)                                            (CA Bar 120822) (*Admitted Pro Hac Vice*)
Tung T. Nguyen (TX Bar 24007745)                Vidya R. Bhakar (vbhakar@cooley.com)
(tnguyen@sidley.com)                                        (CA Bar 220210) (*Admitted Pro Hac Vice*)
SIDLEY AUSTIN LLP                                          Melissa H. Keyes (mkeyes@cooley.com)
717 North Harwood Street, Suite 3400            (CA Bar 258605) (*Admitted Pro Hac Vice*)
Dallas, TX  75201                                               3175 Hanover Street
Telephone:  214-981-3300                                 Palo Alto, CA  94304-1130
Facsimile:  214-981-3400                                   Telephone:  650-843-5000
                                                                              Facsimile:  650-849-7400

**SIDLEY AUSTIN LLP**                                      **KLEMCHUK KUBASTA LLP**
Edward G. Poplawski (CA Bar 113590)          Darin M. Klemchuk (TX Bar 24002418)
Attorney-in-Charge                                             (darin.klemchuk@kk-llp.com)
(epoplawski@sidley.com)                                  Kirby B. Drake (TX Bar 24036502)

555 West Fifth Street  
Los Angeles, CA  90013  
Telephone:  213-896-6000  
Facsimile:  213-896-6600  

**SIDLEY AUSTIN LLP**  
David T. Pritikin  (IL Bar 2256339)  
(dpritikin@sidley.com)  
One South Dearborn  
Chicago, IL  60603  
Telephone:  312-853-7000  
Facsimile:  312-853-7036  

**MUNCK CARTER LLP**  
E. Leon Carter (TX Bar 03914300)  
(lcarter@munckcarter.com)  
Jamil N. Alibhai (TX Bar  00793248)  
(jalibhai@munckcarter.com)  
Jane Ann R. Neiswender (TX Bar 24048312)  
(jneiswender@munckcarter.com)  
600 Banner Place  
12770 Coit Road  
Dallas, TX 75251  
Telephone:  972-628-3600  
Facsimile:  972-628-3616  

Attorneys for Defendants and Counter-Claimants RESEARCH IN MOTION LTD. and RESEARCH IN MOTION CORPORATION

(kirby.drake@kk-llp.com)  
Campbell Centre II  
8150 North Central Expressway, Suite 1150  
Dallas, Texas  75206  
Telephone:  214-367-6000  
Facsimile:  214-367-6001  

Attorneys for Plaintiff and Counter-Defendant INNOVATIVE SONIC LIMITED

-12-

## CERTIFICATE OF SERVICE

On May 13, 2011, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Kirby B. Drake*
Kirby B. Drake

940686 v1/HN