IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INNOVATIVE SONIC LIMITED, § | | |
| a Mauritian Corporation, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| RESEARCH IN MOTION LTD., a § | 3:11-CV-0706-K | |
| Canadian Corporation, and RESEARCH § | | |
| IN MOTION, CORPORATION, a § | | |
| Delaware Corporation, § | | |
| § | | |
| Defendants. § | | |

## ORDER

During a conference call in February of 2012 with counsel for all parties, the Court asked the parties to indicate whether they believed the use of a Special Master in this proceeding was appropriate. Plaintiff and defendants both supported the use of a Special Master. Furthermore, plaintiff and defendants have both consented to the terms of this Order. The Court now appoints Daniel Denton as Special Master for this proceeding to perform the duties of an adjunct law clerk and technical advisor. Mr. Denton's contact information is as follows: Law Offices of Daniel Denton, 4925 Greenville Ave., Suite 200, Dallas, Texas, 75206; Phone: (972)997-5309; E-mail: denton@lawyer-dfw.com.

This appointment is made pursuant to Rule 53 and the inherent authority of the Court. "Beyond the provisions of (Fed. R. Civ. P. 53) for appointing and making

references to Masters, a Federal District Court has 'the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *Ruiz v. Estelle*, 679 F.2d 1115, 1161 (5th Cir. 1982), *amended in part*, *vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983) (internal citations omitted). As Rule 53 requires, this Order sets out the duties and terms of the Special Master, the reasons for the appointment, and orders the Special Master to proceed with all reasonable diligence. *See* Fed. R. Civ. P. 53(b)(2).

## I. Master's Duties

Rule 53(a)(1)(A) states that the Court may appoint a master to "perform duties consented to by the parties." The Court has reviewed recent legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution. *See, e.g.*, Fed. R. Civ. P. 53 (advisory committee's notes discussing the range of duties and authority of the Special Master). Consistent with this legal authority, the currently-anticipated needs of the Court, and the parties' broad consent, the Court states that the Special Master in these proceedings shall have the authority to:

1.) assist the judge with preparation for the *Markman* hearing including review of claim construction filings, legal and technical research, and analysis;

2.) perform the duties of an adjunct law clerk;

3.) communicate with the attorneys as needs may arise in order to promote the

full and efficient performance of these duties.

Consistent with these duties, the Special Master shall perform the duties of an adjunct law clerk and technical advisor. The Court will preside over the *Markman* hearing and issue all orders regarding motions pending in the Court.

## II. Communications with the Parties and the Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances – if any – in which the master may communicate ex parte with the court or a party." The Special Master may communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, in order to assist the Court with legal analysis of the parties' submissions and inform the Court of legal and technical research. The Special Master may also communicate *ex parte* with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, and other appropriate procedural matters.

The Special Master may only communicate with the parties or attorneys if a representative for all parties is present in person or by phone. Such communications shall not address the merits of any substantive issue without prior approval of the Court.

## III. Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the master's activities." The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably

detailed descriptions of his activities and matters worked upon. However, the Special Master need not preserve for the record any documents created by the Special Master, nor any documents received by the Special Master from counsel in this case. Indeed, the Special Master is not required to and will not submit any formal report or recommendation regarding any matter for electronic filing on the case docket.

### IV.     Review of the Special Master's Orders

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." However, the Special Master will be serving an adjunct law clerk and technical advisor role and, therefore, will not be producing any orders, findings, and recommendations for the record.

### V.     Compensation

Rule 53(b)(2)(E) directs the Court to state "the basis, terms, and procedure for fixing the master's compensation under Rule 53(g)." The Special Master will charge an hourly rate of two hundred and fifty dollars ($250.00) per hour, his regular rate for legal services at the Law Offices of Daniel Denton. The Special Master shall submit a report to the Court on the first business day of every month that includes the billing records (as discussed in Section III), total hours worked, and costs incurred for the previous month. Upon approval by the Court, the parties will be notified by the fifteenth (15th) day of the month as to the total charges incurred for the previous month. The plaintiff

shall bear fifty percent (50%) of the charges, and the defendants shall bear fifty percent (50%) of the charges. Plaintiff and defendants shall submit full payment directly to the Special Master by the last day of each month for charges incurred in the previous month.

## VI.   Affidavit

Rule 53(b)(3) notes that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455." *See also* Fed. R. Civ. P. 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit earlier submitted to the Court by the Special Master.

## VII.   Master's Authority

The Special Master shall have the full cooperation of the parties and their counsel. Regarding Rule 53(c), however, the Special Master shall not have the authority to regulate any proceedings or impose any sanctions on the parties. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order.

**SO ORDERED.**

Signed April 3rd, 2012.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

Agreed as to Substance and Form:

By: _____
Darin M. Klemchuk
State Bar No. 24002418
Klemchuk Kubasta LLP
8150 N Central Expwy, 10th Floor
Dallas, TX 75206
Phone: 214/367-6000
Fax: 214/764-6673
Email: darin.klemchuk@kk-llp.com
**ATTORNEY FOR PLAINTIFF
INNOVATIVE SONIC LIMITED**

AND


By: _____
David T. Pritikin
*Admitted Pro Hac Vice*
Sidley Austin LLP
One S Dearborn
Chicago, IL 60603
Phone: 312/853-7000
Fax: 312/853-7036
Email: dpritikin@sidley.com
**ATTORNEY FOR DEFENDANTS
RESEARCH IN MOTION, LTD. and
RESEARCH IN MOTION CORPORATION**

Agreed as to Substance and Form:

By: _____
Darin M. Klemchuk
State Bar No. 24002418
Klemchuk Kubasta LLP
8150 N Central Expwy, 10th Floor
Dallas, TX 75206
Phone: 214/367-6000
Fax: 214/764-6673
Email: darin.klemchuk@kk-llp.com
**ATTORNEY FOR PLAINTIFF
INNOVATIVE SONIC LIMITED**

AND

By: _____
David T. Pritikin
*Admitted Pro Hac Vice*
Sidley Austin LLP
One S Dearborn
Chicago, IL 60603
Phone: 312/853-7000
Fax: 312/853-7036
Email: dpritikin@sidley.com
**ATTORNEY FOR DEFENDANTS
RESEARCH IN MOTION, LTD. and
RESEARCH IN MOTION CORPORATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INNOVATIVE SONIC LIMITED, a Mauritian Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| RESEARCH IN MOTION LTD., a Canadian Corporation, and RESEARCH IN MOTION, CORPORATION, a Delaware Corporation, | § § § § § | 3:11-CV-0706-K |
| Defendants. | § § | |

### AFFIDAVIT OF DANIEL DENTON TENDERED PURSUANT TO FED. R. CIV. P. 53

**STATE OF TEXAS**         §
                                              §
**COUNTY OF DALLAS**    §

DANIEL DENTON, being first duly sworn according to law, states the following:

1. "I am an attorney at law duly licensed to practice law in the State of Texas, State Bar Number 24075843. My bar admissions are as follows: State of Texas, United States District Court - Northern District of Texas.

2. "I have familiarized myself with the above captioned matter. I do not have any relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. §455.

3.  "There are no non-disclosed grounds for disqualification under 28 U.S.C. §455 or Federal Rule of Civil Procedure 53 that would prevent me from serving as the Master in the captioned matter."

_____
DANIEL DENTON, Affiant

Sworn to before me and subscribed in my presence this 26th day of March, 2012.

KRISTA SCHRAM
MY COMMISSION EXPIRES
January 31, 2016

_____
Notary Public

2