# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| INNOVATIVE SONIC LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:11-CV-0706-K |
| | § | |
| RESEARCH IN MOTION, LTD. and | § | |
| RESEARCH IN MOTION | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Research in Motion Ltd. and Research in Motion Corporation ("RIM") have filed a joint Motion to Compel Testing-Related Discovery from Plaintiff Innovative Sonic Limited and non-party ASUSTeK Computer Inc. ("ASUSTeK") in this patent infringement lawsuit. For the reasons stated herein, the motion is DENIED.

## Background

Succinctly stated, Defendants' motion seeks information and materials pertaining to pre-litigation testing performed by ASUSTeK engineers on certain RIM products, including the BlackBerry smartphone devices accused of infringing the patents-in-suit. Plaintiff contends that the discovery at issue, including the test reports generated by ASUSTeK and all related communications, is protected from disclosure by the attorney-client privilege, the work product doctrine, and Fed. R. Civ. P. 26(b)(4)(D). Defendants counter that, to the extent the requested information and materials are protected, Plaintiff waived such protection when it provided technical assistance to its testifying expert Vijay Madisetti, Ph.D. More specifically, Defendants contend that Dr. Madisetti received

-1-

assistance from Plaintiff's outside litigation counsel in setting up and designing the infringement tests that form the basis of his expert analysis of the accused RIM products. Plaintiff's counsel, in turn, communicated with two unidentified gentlemen who were present at Dr. Madisetti's office during the testing period. Based on circumstantial evidence, Defendants surmise that the "mystery guests" at Dr. Madisetti's office were Ryan Ou and Roger Gou, two ASUSTeK engineers who conducted some of the pre-litigation infringement testing for Plaintiff. Although the unidentified gentlemen had no direct interaction with Dr. Madisetti, Defendants contend that Plaintiff's counsel relied on protected information from Ou and Gou concerning ASUSTeK's pre-litigation testing and shared that information with Dr. Madisetti in connection with his infringement analysis.

Defendants now seek to compel Plaintiff to respond to written discovery directed to the pre-litigation testing performed by ASUSTeK[1] and to compel Plaintiff and ASUSTeK to produce corporate representatives to testify regarding the assistance given to Dr. Madisetti, including indirect assistance allegedly provided through Plaintiff's litigation counsel. Defendants further ask the Court to compel Plaintiff and ASUSTeK to produce the pre-litigation test reports and related communications generated by ASUSTeK, as well as any other files or information provided by ASUSTeK to Plaintiff's litigation counsel. The motion has been fully briefed by the parties and is ripe for determination.

**Legal Standards**

The federal work product doctrine, as codified in Fed. R. Civ. P. 26(b)(3), provides for the qualified protection of documents and tangible things prepared by or for a party or that party's

---

[1] The specific discovery requests at issue are Interrogatory No. 10 of Defendants' Second Set of Interrogatories and Document Request Nos. 77, 78, 79, 80, 81, 82, 83, 84, and 85 of Defendants' Second Set of Requests for Production of Documents.

representative "in anticipation of litigation or for trial." FED. R. CIV. P. 26(b)(3)(A).[2] Ordinarily, a party may not discover protected trial-preparation materials unless "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3)(A)(ii). The initial burden is on the party asserting work product protection to show that the materials at issue were prepared by or for its representative in anticipation of litigation or for trial. *Mims v. Dallas Co.*, 230 F.R.D. 479, 484 (N.D. Tex. 2005). Once this burden is met, the party seeking discovery must establish a "substantial need" for the protected materials. *Id*. Even where such "substantial need" is shown, the Court must protect against disclosure of an attorney's "mental impressions, conclusions, opinions, or legal theories ... concerning the litigation." FED. R. CIV. P. 26(b)(3)(B); *see also In re Int'l Sys. and Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982) (requiring "higher showing" for discovery of opinion work product and noting that "[s]ome courts have provided an almost absolute protection for such materials").

Rule 26(b)(4)(C) further extends work product protection to communications between a party's attorney and that party's testifying experts, except to the extent such communications (1) relate to the expert's compensation, (2) identify facts or data provided by the party's attorney and considered by the expert in forming his opinions, or (3) identify assumptions provided by the party's attorney and relied on by the expert in forming his opinions. FED. R. CIV. P. 26(b)(4)(C); *see also id.*, Advisory Committee Notes, 2010 Amendments. Discovery regarding attorney-expert communications on subjects outside the identified exceptions is permitted only in the "rare" case

---

[2] The Court's determination that the discovery at issue is protected by the work product doctrine is dispositive of Defendants' motion to compel. Accordingly, the Court will not address Plaintiff's other arguments that some of the requested discovery is also protected by the attorney-client privilege or Rule 26(b)(4)(D).

where a party establishes it has a substantial need for the discovery and cannot obtain the substantial equivalent without undue hardship. FED. R. CIV. P. 26(b)(4)(C), Advisory Committee Notes, 2010 Amendments, subdivision (b)(4).

Work product protection is not absolute and may be waived. *United States v. Nobles*, 422 U.S. 225, 239 (1975). In particular, otherwise-protected information and materials are subject to discovery if they are provided to a testifying expert for use in forming his opinions. *See Fialkowski v. Perry*, No. 11-5139, 2012 WL 2527020, at *4 (E.D. Pa. Jun. 29, 2012) (observing that Rule 26(a)(2)(B), which requires disclosure of a testifying expert's report and "the facts or data considered" by the expert in forming his opinions, "trumps" all claims of privilege); *Graco, Inc. v. PMC Global, Inc.*, No. 08-1304 FLW, 2011 WL 666056, at * 8 (D. N.J. Feb. 14, 2011) ("Rule 26(a)(2)(B) [requires] the disclosure of all materials considered by [a testifying expert] ... regardless of ... claims of attorney-client or work-product privilege.") (internal quotations omitted). *Cf. Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3:08-CV-0977-M-BD, 2009 WL 4884091, at *2 (N.D. Tex. Dec. 16, 2009) (protected pre-litigation infringement testing reports may lose protected status if they are disclosed to and considered by a testifying expert) (citing cases). The party seeking disclosure of work product protected material bears the burden of demonstrating that a waiver occurred. *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 379 (5th Cir. 2010).

**Analysis**

The Court has little difficulty concluding that materials pertaining to ASUSTeK's pre-litigation infringement testing of the accused RIM products are protected by the work product doctrine. The record establishes that ASUSTeK engineers conducted the testing at the request of Plaintiff's outside counsel in anticipation of litigation involving the patents-in-suit. *See* Plf. Resp.

App., Exh 1 at 7-8, 10-11, 13 & Exh. 3 at 43-44. ASUSTeK shared the test results only with Plaintiff's counsel. *Id.*, Exh. 1 at 10-11. None of ASUSTeK's employees are expected to be called as witnesses at trial. Given these circumstances, the pre-litigation test reports, related files, and communications generated by ASUSTeK in this case are precisely the type of documents and tangible things that courts routinely recognize as protected work product material. *See, e.g., MeadWestvaco Corp. v. Rexam, PLC*, No. 1:10cv511 (GBL/TRJ), 2011 WL 2938456, at *3-*6 (E.D. Va. Jul. 18, 2011) (overruling objections to denial of patentee's motion to compel accused infringer to produce test data and protocols used by its nontestifying expert on grounds that material was protected work product); *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prod., LLC,* No. 1:CV-09-1685, 2010 WL 4537002, at *2-*3 (M.D. Pa. 2010) (documents relating to testing patentee performed on the alleged infringer's accused product were protected work product); *Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, No. 2:05-CV-889, 2007 WL 543929, at *3 (S.D. Ohio 2007) (same as to reports of testing patentee conducted on accused infringer's product as part of its pre-suit patent infringement investigation); *Sicurelli v. Jeneric/Pentron Inc.*, No. 03-CV-4934, 2006 WL 1329709, at *2 (E.D. N.Y. 2006) (same as to documents and correspondence related to pre-litigation testing of accused product commissioned by patentee's trial counsel and performed by third-party laboratory); *AK Steel Corp. v. Sollac & Ugine*, 234 F. Supp. 2d 711, 715-16 (S.D. Ohio 2002), *aff'd*, 344 F.3d 1234 (Fed. Cir. 2003) (same as to reports and results from tests conducted by accused infringer's nontestifying expert).

The Court further concludes that communications between Plaintiff's counsel and Dr. Madisetti are entitled to work product protection, except to the extent the communications (1) relate to Dr. Madisetti's compensation as an expert in this case; (2) identify facts or data that Plaintiff's

counsel provided and Dr. Madisetti considered in forming his expert opinions; (3) or identify assumptions that Plaintiff's counsel provided and Dr. Madisetti relied on in forming his opinions. FED. R. CIV. P. 26(b)(4)(C); *see also Nat'l W. Life Ins. Co. v. W. Nat'l Life Ins. Co.*, No. A-09-CA-711 LY, 2011 WL 840976, at *2 (W.D. Tex. Mar. 3, 2011) (attorney-expert communications subject to discovery only to the extent communications included "facts or data" that testifying expert relied upon in forming his opinions).

Defendants are thus entitled to discovery of protected information pertaining to ASUSTeK's pre-litigation infringement testing only to the extent facts about or data from the testing were provided to Dr. Madisetti and considered by him in forming his expert opinions. *See* FED. R. CIV. P. 26(a)(2)(B); *Fast Memory Erase*, 2009 WL 4884091, at *2. Here, however, Defendants have not established that any information related to the pre-litigation testing was considered by Dr. Madisetti. To the contrary, the record establishes that Plaintiff's testifying expert did not receive any information about the testing. Dr. Madisetti states in a declaration submitted in support of Plaintiff's response to Defendants' motion:

> I have not had any communications with any former employees of [Plaintiff] or ASUSTek in connection with my work on this lawsuit. *I never received any information about testing conducted by [Plaintiff] or ASUSTeK regarding potential infringement of RIM products. Specifically, I have not received any information about the type of testing conducted by [Plaintiff] or ASUSTeK, any devices that may have been tested, any equipment that may used [sic], any code used during the testing, or any results of the pre-filing testing.*
>
> * * *
>
> ... I personally conducted the tests of the accused RIM Blackberry devices as described in my Infringement Expert Report. The only people I communicated with concerning this testing are Vid Bhakar and Jesser Dyer of Cooley LLP.

Plf. Resp. App., Exh. 8 at 149, ¶¶ 4, 5 (emphasis added). Dr. Madisetti's Infringement Expert Report and Rebuttal Expert Report further identify the specific facts and data on which he relied in forming his opinions in this case. Neither of those reports suggests that he considered any information relating to the pre-litigation testing conducted by ASUSTeK.

Defendants' entire waiver argument is premised upon the presence of two unidentified gentlemen at Dr. Madisetti's office during his infringement testing. Even assuming that the men were the same ASUSTeK engineers who conducted some of the pre-litigation infringement testing for Plaintiff, Dr. Madisetti testified that he had no interaction with these men, never spoke to them, and never participated in any meetings with them. Plf. Resp. App. at 132. He did not even know their names or occupations. *Id.* at 131. Nor did he participate in or have access to any discussions between the men and Plaintiff's counsel. *Id.* at 137. Defendants' assertions that Plaintiff's counsel relayed protected information from the ASUSTeK engineers to Dr. Madisetti are wholly speculative and unsupported by the record. Accordingly, the Court concludes Plaintiff did not waive work product protection over information or materials relating to the pre-litigation testing performed by ASUSTeK.

**Conclusion**

Defendants' Motion to Compel Testing Related Discovery (Doc. 183) is DENIED in its entirety.

IT IS SO ORDERED, March 1, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE